August 15, 2006

Mr. O.C. "Chet" Robbins
Executive Director
Texas Funeral Service Commission
Post Office Box 12217
Austin, Texas 78711

Opinion No. GA-0448

Re: Applicability of chapter 711, Health and Safety Code, to a family cemetery (RQ-0440-GA)

Dear Mr. Robbins:

You ask "whether an unincorporated family attempting to establish and operate a cemetery solely for the interment of family members on family-owned property is a 'cemetery organization' required to comply with the survey, filing and dedication requirements of Health and Safety Code, § 711.034."[1] The Texas Funeral Service Commission ("Commission") does not construe section 711.034 to apply to a family-owned cemetery. *See* Request Letter, *supra* note 1, at 3. You inform us that the Commission's interpretation is not accepted throughout Texas and that at least one county "refuses to allow a family to inter a deceased family member on family-owned property." *Id.*

You state the family is an "unincorporated family." *See id.* at 1. We understand you to mean that the family members have not taken formal steps to create a corporate entity. At the same time, you do not state whether the family members have prepared or operate under articles of association. *See id.* at 1–3. We therefore believe that you inquire only about a family as that term is ordinarily understood.

Section 711.034 of the Health and Safety Code imposes certain dedication requirements on "cemetery organizations." TEX. HEALTH & SAFETY CODE ANN. § 711.034 (Vernon 2003). Section 711.034 requires a "cemetery organization" to survey and subdivide cemetery land into plots and to make a map or plat of the property. *See id.* § 711.034(a)(1). The "cemetery organization" is required to "file the map or plat with the county clerk of each county in which the property or any part of the property is located." *Id.* § 711.034(b). Along with the map or plat, a "cemetery organization" must dedicate the property "exclusively to cemetery purposes." *Id.* § 711.034(c). You inquire only about

---

[1]Letter from O.C. "Chet" Robbins, Executive Director, Texas Funeral Service Commission, to Honorable Greg Abbott, Attorney General of Texas (Feb. 2, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

the provisions of section 711.034.[2] *See* Request Letter, *supra* note 1, at 1. To answer your question, we must determine whether a family interring remains on family-owned property is a "cemetery organization."

A "cemetery organization" is defined in chapter 711 as

(A)    an unincorporated association of plot owners not operated for profit that is authorized by its articles of association to conduct a business for cemetery purposes;[3] or

(B)    a corporation, either for profit or not for profit, that is authorized by its articles of incorporation to conduct a business for cemetery purposes.

TEX. HEALTH & SAFETY CODE ANN. § 711.001(3) (Vernon Supp. 2005). Because the family is unincorporated, by definition it is not a corporation organized for profit or not for profit. We therefore conclude that a family is not a "cemetery organization" under subsection 711.001(3)(B).

Thus, the family is a "cemetery organization" only if it is an "unincorporated association of plot owners."[4] *Id.* § 711.001(3)(A). Chapter 711 does not define an "unincorporated association of plot owners," but does provide that it is excluded from the section 711.021 requirement that entities engaged in the business of cemetery purposes be organized as a corporation. *See id.* § 711.021(g)(2) (Vernon 2003). A "family, fraternal, or community cemetery that is not larger than 10 acres" is also excluded from this corporate structure requirement. *Id.* § 711.021(g)(1). Because these exceptions are listed in section 711.021 as two separate exceptions, they must be different from each other. If they were identical, the inclusion of both exceptions would be redundant, a result which is to be avoided. *See Henry v. Kaufman County Dev. Dist. No. 1*, 150 S.W.3d 498, 507 (Tex. App.—Austin 2004, pet. granted) ("A statutory construction that creates a redundancy is to be avoided."). Thus, a "family . . . cemetery" is not an "unincorporated association of plot owners not operated for profit." TEX. HEALTH & SAFETY CODE ANN. § 711.021(g)(1), (2) (Vernon 2003). We therefore conclude

---

[2]Because you inquire only about the applicability of section 711.034, we limit our opinion to that section of chapter 711.

[3]"Cemetery purpose" is defined as "a purpose necessary or incidental to establishing, maintaining, managing, operating, improving, or conducting a cemetery, interring remains, or caring for, preserving, and embellishing cemetery property." TEX. HEALTH & SAFETY CODE ANN. § 711.001(4) (Vernon Supp. 2005).

[4]A plot owner is a person "(A) in whose name a plot is listed in a cemetery organization's office as the owner of the exclusive right of sepulture; or (B) who holds, from a cemetery organization, a certificate of ownership or other instrument of conveyance of the exclusive right of sepulture in a particular plot in the organization's cemetery." TEX. HEALTH & SAFETY CODE ANN. § 711.001(26) (Vernon Supp. 2005). You do not provide us specific information on the operation of the family-owned cemetery but we doubt that the members of the family fall within the definition of "plot owner."

that a family is not a "cemetery organization" under subsection 711.001(3)(A). Because it is not a "cemetery organization," a family is not subject to the requirements of section 711.034.[5]

---

[5]We note that the Texas Funeral Service Commission agrees with our conclusion. *See* Request Letter, *supra* note 1, at 3 ("In this agency's interpretation, a family described in the second paragraph of this request is not a cemetery organization within the [section] 711.001(3) definition of the term."); *see id.* at 1 (describing in the second paragraph an "unincorporated family attempting to establish and operate a cemetery solely for the interment of family members on family-owned property."). The Commission's reasonable interpretation is entitled to deference. *See Flores v. Employees Ret. Sys. of Tex.*, 74 S.W.3d 532, 545 (Tex. App.—Austin 2002, pet. denied) ("An administrative agency's construction or interpretation of a statute, which the agency is charged with enforcing, is entitled to serious consideration by reviewing courts, so long as that construction is reasonable and does not contradict the plain language of the statute."); *see* TEX. OCC. CODE ANN. ch. 651 (Vernon 2004 & Supp. 2005) (entitled "Cemetery and Crematory Services, Funeral Directing, and Embalming").

## S U M M A R Y

A family is not a "cemetery organization" subject to section 711.034 of the Texas Health and Safety Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee